UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

            NO. CR. 08-421 WBS

    Plaintiff,

  v.                    ORDER RE: SENTENCING
                        ENHANCEMENTS

TERRENCE BRECKENRIDGE,

    Defendant.

----oo0oo----

       Defendant Terrence Breckenridge pled guilty to possessing a firearm in violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm).  In determining the base offense level for defendant's conviction, the Probation Officer recommended that six points be added pursuant to U.S.S.G. § 2K2.1(a)(4) because defendant previously sustained a felony conviction for a controlled substance offense.  Before the court is defendant's objection to the base level in the Pre-sentence Report ("PSR") on the ground that the Government has failed to demonstrate that defendant was convicted of a controlled

substance offense.

Standard of Proof

Generally, if the government attempts to adjust an offense level upwards, it must prove the adjustment is merited by a preponderance of the evidence. United States v. Charlesworth, 217 F.3d 1115, 1158 (9th Cir. 2000). However, if a sentencing factor has "an extremely disproportionate effect on the sentence relative to the offense of conviction," clear and convincing evidence may be required. United States v. Gonzalez, 492 F.3d 1031, 1039 (9th Cir. 2007).

Whether the standard is elevated depends on the totality of the circumstances, including whether the enhanced sentence 1) falls within the maximum sentence for the charged crime; 2) negates the defendant's innocence or prosecution's burden of proof; 3) creates new offenses that require separate punishment; 4) is based on the extent of a conspiracy; 5) is less than or equal to four levels; or 6) is more than double an original, relatively short, sentence. Id. Since 1999, it appears that the Ninth Circuit has applied the heightened standard when the enhancement is greater than four levels and more than doubles the applicable sentencing range. Gonzalez, 492 F.3d at 1040 (citing Jordan, 256 F.3d at 929 (O'Scannlain, J., concurring)).

In this case, the base offense level for § 922(g)(1) is fourteen and the enhancement for a prior conviction for a controlled substance offense would increase the offense level to twenty, resulting in a six-level enhancement. Enhancing the offense level to twenty would not double the sentencing range,

2

increasing it from a range of thirty to thirty-seven months to a range of fifty-one to sixty-three months.  Nor would it negate the defendant's innocence or the prosecution's burden of proof, create a new offense that requires separate punishment, or require proof of conspiracy.  Therefore, the court does not believe the totality of the circumstances necessarily require the use of the clear and convincing standard.  However, as discussed below, the court would reach the same conclusion in this case regardless of whether the standard of proof was by a preponderance of the evidence or by clear and convincing evidence.

<u>Enhancement under Section 2K2.1(a)(4)</u>

Under U.S.S.G. § 2K2.1(a)(4), the base level for a conviction under § 922(g)(1) is twenty if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a controlled substance offense . . . ."  A "controlled substance offense" is defined by U.S.S.G. § 4B1.2(b) as, "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."

Defendant pled guilty in state court to the sale or transportion of a controlled substance in violation of California Health and Safety Code § 11352 in 1993.  Section 11352 provides that, "every person who transports, imports into this state, sells, furnishes, administers, or give[s] away . . . any

3

controlled substance specified in [the statute] . . . shall be punished by imprisonment in the state prison for three, four, or five years."  Defendant contends that the Government has not established that he was convicted of anything other than mere transportation of a controlled substance, which does not qualify as a "controlled substance offense" under U.S.S.G. § 2K2.1(a)(4), and accordingly cannot have his base level adjusted upwards.

In most cases, courts must look at prior convictions at sentencing using a "formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions."  Taylor v. United States, 495 U.S. 575, 600 (1990).  However, when a state's criminal statute is overly inclusive, such as California Health and Safety Code § 11352, the court applies the "modified categorical approach" to "determine if the record unequivocally establishes that the defendant was convicted of the generically defined crime."  United States v. Corona-Sanchez, 291 F.3d 1201, 1211 (9th Cir. 2001); see United States v. Almazon-Becerra, 537 F.2d 1094, 1096 (9th Cir. 2008)(finding that a conviction under California Health and Safety Code § 11352 "does not categorically constitute a drug trafficking offense under the Sentencing Guidelines").  In doing so, "[t]wo considerations guide the sentencing court's analysis: avoiding an inquiry into the underlying facts of the defendant's prior conviction, and relying on documentation that clearly establishes a conviction based on all of the generic elements of the underlying offense."  United States v. Velasco-Medina, 305 F. 3d 839, 851 (9th Cir. 2002).

When applying the modified categorical approach to

4

prior convictions resulting from guilty pleas, the court can look to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Shepard v. United States, 544 U.S. 13, 26 (2005). With this standard in mind, this court must examine the documents the Government submitted to determine whether they "clearly and unequivocally" establish that defendant was convicted of a controlled substance offense. United States v. Crawford, 520 F.3d 1072, 1078 (9th Cir. 2008).

To prove defendant's prior conviction was a controlled substance offense, the Government has submitted transcripts of the grand jury proceedings and plea colloquy in the San Joaquin County Superior Court. On July 19, 1993, defendant entered a plea of no contest to one felony count of the sale or transport of a controlled substance in violation of California Health and Safety Code § 11352. (Docket No. 28 Ex. 2.) During the plea colloquy, the state court asked the deputy district attorney for the factual basis of defendant's plea. (Id. Ex. 2 at 4:20-27.) The deputy district attorney then asked the court to take judicial notice of the grand jury transcript as the factual basis for the plea. (Id.) The court agreed, and asked defendant's counsel if that was "agreeable." (Id.) Defendant's counsel replied that it was. (Id.) The court subsequently accepted defendant's plea and adjudged him guilty of the offense. (Id. at 7:7-13.)

The grand jury transcript, which defendant's attorney

agreed could be considered to establish the factual basis for the plea, indicated unequivocally that the defendant sold two rocks of cocaine base to a confidential informant for $40. (See Docket No. 28 Ex. 1.)  This is clear and convincing proof that the defendant was convicted of the sale, not mere transportation, of a controlled substance.

In Shepard, supra, the Supreme Court held that a sentencing court should not look to outside documents such as police reports or complaint applications to determine the factual basis for a plea.  544 U.S. at 16.  However, the Ninth Circuit clarified this rule in Almazan-Becerra, finding that Shepard "did not address whether a sentencing court may look to a police report that the defendant has stipulated contains a factual basis for his plea."  537 F.3d at 1097.  The Ninth Circuit found that where a defendant stipulates to outside documents, such as a police report, the document becomes "incorporated . . . into the plea colloquy" and therefore can be relied upon by a district court when applying modified categorical analysis.  Id. at 1098.

Defendant contends that in order for the court to rely upon outside documents to establish the factual basis for a plea the defendant himself, not just his attorney must join in the stipulation.  Almazan-Becerra holds otherwise.  There, defendant's "counsel . . . stipulate[d] during the plea colloquy that the police reports contained a factual basis for [his] guilty pleas".  Id. (emphasis added).  As a result of this stipulation, "the police reports . . . became a mutually-agreed upon statement of facts."  Id.  Defendant argues here that the defendant in Alamzan-Becerra must have been directly asked if he

6

stipulated to the factual basis of his plea because that is the practice in the California courts.  Nothing in Almazan-Becerra indicates that the defendant himself was asked if he agreed to the stipulation, or that such a practice is required in the California courts.

In the California state courts, the factual basis for a guilty plea may be determined by stipulation of counsel.  People v. Holmes, 32 Cal. 4th 432, 441 (2004) (finding that "stipulation by counsel to the plea's factual basis is consistent with the legislative purpose of the statute" regulating guilty pleas in California); People v. Marlin, 124 Cal. App. 4th 559, 571-72 (2004)(finding the court may find the factual basis to a plea "by having defense counsel stipulate to a particular document such as the transcript of a preliminary hearing as providing a factual basis for a plea").  It is therefore clear that it is both legal and common practice at the state level for defense counsel to stipulate to a reliable document as the factual basis of a plea and that the defendant himself need not personally join in the stipulation.

Federal practice is fundamentally no different.  Rule 11(b)(3) of the Federal Rules of Criminal Procedure specifically governs the determination of the factual basis of a guilty plea.  The section reads: "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."  Fed. R. Crim. P. 11(b)(3).  Section (b)(3) of Rule 11 does not indicate that the factual basis of the plea must be confirmed by the defendant personally.  In contrast, sections (b)(1) and (b)(2) of Rule 11 both specifically indicate that "the

court must address the defendant personally in open court" to inform defendant of his constitutional rights and the nature of the plea and to determine if the plea entered into is voluntary. See Fed. R. Crim. P. 11(b)(1)-(b)(2). Rule 11(b)(3) conspicuously lacks this command that the court personally address the defendant about the factual basis of his plea.

Here defendant's attorney in the state proceeding stipulated to the grand jury transcript as the factual basis for his guilty plea. The grand jury transcript therefore became incorporated into the plea colloquy and may be evaluated by the court. See Sheppard, 544 U.S. at 26; Almazan-Becerra, 537 F.3d at 1098. The grand jury transcript unequivocally describes defendant's offense conduct as selling cocaine, rather than merely transporting it. Accordingly, the government has proved by clear and convincing evidence that defendant's prior state conviction was for a controlled substance offense.

IT IS THEREFORE ORDERED that defendant's objection to the PSR's sentence enhancements under 2K2.1(a)(4) of the United States Sentencing Guidelines Manual be, and the same hereby is, OVERRULED. The court accordingly finds, consistent with the PSR, that the applicable offense is 17, and the criminal history category is VI.

The Clerk shall place this matter on the court's regularly scheduled criminal calendar for judgment and sentence.

DATED:  November 5, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE